George Braun
vs.          No. 89428
M. Iannotti

### April 16, 1935.

FROST, J. Heard on defendant's motion for new trial after verdict for the plaintiff in the sum of $425.00.

Defendant's motion is based not on the amount of the verdict but rather on the grounds that it is against the law and also against the weight of the evidence.

The action is trespass on the case and evidence was introduced tending to show the commission of a nuisance on the part of defendant. At the time the action was brought plaintiff owned real estate on Slocum Street in the City of Providence. The building then belonging to plaintiff is a large brick house, the front of which is either of wood or has a veneer of wooden clapboards over the brick wall. The whole is painted, bricks as well as wood.

On the same side of the street and a few feet away is a one-story wooden building used in connection with rather extensive greenhouses erected many years ago on land lying between Slocum and Westminster Street. At the time

when the situation arose of which the plaintiff complains, the greenhouses were heated by a boiler located in the cellar of the small wooden building, the smoke pipe of which boiler was connected with a brick chimney which rose above the roof of the wooden building some six or eight feet. The chimney was distant from plaintiff's building about 12 feet. This brick chimney was replaced in February, 1932, by a metal chimney which is considerably higher. During the course of the season from 90 to 100 tons of coal, both hard and soft, are consumed in the boiler. Since the erection of the present smoke stack no ground of complaint on the part of the plaintiff has been experienced.

In April of 1930, plaintiff's house was painted one coat and there is testimony to the effect that large quantities of smoke and soot belched forth from the brick chimney, the soot and dirt from which imbedded themselves in the fresh paint changing its color and destroying its life; that in the fall of that year the rooms of the house were filled with dirt and smoke destroying their value and making it difficult or impossible to rent them.

The defendant testified that the greenhouses had been operated for many years; that there had been complaints from no other neighbors and that the poor quality of the paint and oil used were responsible for the appearance of the exterior of plaintiff's house.

It seems quite possible from the testimony that no other neighbor was quite so advantageously situated as plaintiff to get the full effect of the smoke and soot as it issued from the chimney. It is probable, too, that in the earlier years hard coal was used while in the later years soft coal has been used, if not exclusively, in greater quantities than when hard coal could be obtained at less cost than now.

A question of fact was presented to the jury as to whether the smoke did, under all the circumstances, constitute a nuisance considering the close proximity of plaintiff's property. The fact that the present chimney gives no ground for complaint tends to show that the old chimney did not carry the smoke to a sufficiently high point before liberating it.

Whether, under all the circumstances, the smoke issuing from the old chimney constituted a nuisance was a question on which minds might well differ but the Court thinks there was evidence to justify the finding of the jury.

Whether good or poor paint was used upon the house was also a question for the jury to determine upon the evidence presented and the Court cannot substitute its opinion for that expressed by the jury.

Upon all of the evidence the Court is constrained to say that the verdict is neither against the law as given by the Court nor against the weight of the evidence. The verdict does substantial justice between the parties and defendant's motion is therefore hereby denied.

For plaintiff: Harlow & Boudreau.

For defendant: Benjamin Ciancia-rulo.